[Sac. No. 1294. Department Two.—November 18, 1904.]

## C. A. BOLAND, Respondent, v. ASHURST OIL, LAND AND DEVELOPMENT COMPANY, Appellant.

CORPORATIONS—CONTRACT FOR SALES OF STOCK—ACTION FOR COMMISSIONS—FINDING—CONFLICTING EVIDENCE.—In an action against a corporation for commissions upon sales of its stock, under a contract to pay commissions for all sales made by the plaintiff or by his assistance, a finding made upon conflicting evidence that plaintiff assisted in making a sale to a particular person must be accepted upon appeal as correct.

ID.—FULL COMMISSION UPON PURCHASE MONEY—COMPROMISE OR NEGLECT OF CORPORATION AFTER SALE. — The plaintiff was properly allowed a full commission upon the purchase money for a sale made through his solicitation, although the purchase was closed with an officer of the corporation upon payment to him of one fourth of the purchase money. The corporation could not deprive plaintiff of his commission after the sale either by agreeing with the purchaser to accept a less amount or by neglecting to collect from him the price at which it was sold.

ID.—IMPROPER ALLOWANCE OF COSTS—BLANK SPACE IN JUDGMENT—HARMLESS ERROR.—Where the plaintiff recovered less than three hundred dollars, the court should not have allowed costs in his favor; but where the judgment appealed from shows a blank space after the provision therefor, the error is harmless.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial. L. W. Fulkerth, Judge.

The facts are stated in the opinion.

O. B. Parkinson, and Dennett & Walthall, for Appellant.

L. J. Maddux, and Arthur L. Levinsky, for Respondent.

HARRISON, C.—Action to recover a balance due for commissions for services rendered in the sale of certain stock. Judgment was rendered in favor of the plaintiff for $186.25, with interest thereon from September 1, 1901, from which and from an order denying a new trial the defendant has appealed, contending that the court erred in allowing the plaintiff any commission upon the sale to Underwood and in the amount allowed upon the sale to Brown.

The agreement between the parties, as found by the court, is, that the defendant agreed to pay a commission to the plaintiff "for all sales made to persons by the plaintiff, or to any persons by the assistance of the plaintiff." Whether he is entitled to a commission upon the sale to Underwood depends upon whether he assisted in making the sale. Upon this issue there was conflicting testimony, and the finding of the court that he assisted in procuring Underwood to purchase the stock must be accepted as correct.

The sale to Brown was of two thousand shares for the sum of one thousand dollars, and was also made through the solicitation of the plaintiff. The purchase was closed by Brown with one of the officers of the defendant upon the payment by him of two hundred and fifty dollars, instead of requiring him to pay for the full amount of the purchase, and the defendant, without the knowledge or consent of the plaintiff, agreed with him that he might pay the balance whenever he wished to, and has since made no effort to collect it. The court properly allowed a commission upon the full amount of the sale. The defendant could not deprive the plaintiff of this commission after the sale had been made by agreeing with the purchaser to accept a less amount or by neglecting to collect from him the price at which it was sold.

At the trial the plaintiff testified that he received as commission on the Courtright sale $9.40. The court should have allowed the defendant this amount as a credit upon the plaintiff's claim.

In its findings, the court held that the plaintiff was entitled to recover his costs from the defendant. As the plaintiff recovered less than three hundred dollars, this was error; but as no costs are included in the judgment—the provision therefor being followed by a blank space—the error is harmless.

We advise that the superior court be directed to modify its judgment by deducting therefrom, as of the date of its entry, the sum of $9.40, with interest thereon from September 1, 1901, to that date, at the rate of seven per cent per annum, and as so modified that the judgment and order be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons stated in the foregoing opinion the superior court is directed to modify its judgment by deducting therefrom, as of the date of its entry, the sum of $9.40, with interest thereon from September 1, 1901, to that date, at the rate of seven per cent per annum, and, as so modified, the judgment and order are affirmed.

      McFarland, J., Lorigan, J., Henshaw, J.