## LOWE et al. v. JENSEN.

### (132 N. W. 661.)

**Action on express contract — recovery on implied contract or quantum meruit.**

Where plaintiffs allege an express contract as a basis for a recovery, they will not be permitted to recover on an implied contract or *quantum meruit.*

Opinion filed September 8, 1911.    Rehearing denied October 10, 1911.

Appeal from the County Court of increased jurisdiction for Ward County; *N. Davis,* J.

Action by S. H. Lowe and J. H. Hayes, doing business as S. H. Lowe & Company, against Martin L. Jensen.   Judgment for plaintiffs, and defendant appeals.

Reversed.

*Palda, Aaker, Greene, & Kelso,* for appellant.

*Murphy & Wooledge,* for respondents.

FISK, J.   Plaintiffs had judgment in the court below pursuant to a verdict directed by the court, and, from such judgment and from an order denying defendant's motion for a new trial, this appeal is prosecuted.

Plaintiffs' cause of action, as stated in the complaint, is upon an express contract to recover for certain labor and services in threshing grain for defendant at the alleged special instance and request of such defendant.   The answer consists of a general denial and other defensive matters unnecessary to state.   At the trial plaintiffs were permitted, over defendant's objections, to prove facts showing merely an implied contract between the parties; there being no proof offered showing an express contract as alleged in the complaint, and plaintiffs in effect admitting at the trial that no such express contract was made.

A large number of alleged errors are assigned in appellant's brief, challenging the correctness of the trial court's rulings in admitting and excluding testimony offered at the trial, and in denying defendant's motion made at the close of the testimony for a directed verdict in his favor, and in granting plaintiffs' motion directing such verdict.   We find

it unnecessary to notice any of such assignments other than those relating to the action of the trial court in permitting plaintiffs to prove, over defendant's objection, facts establishing a cause of action differing from that alleged by them, and in directing such verdict. It is entirely clear to our minds that these rulings constituted prejudicial error necessitating a reversal of the judgment and order appealed from. Under the showing made by plaintiffs, they could only recover on a *quantum meruit*. It is well established that under an allegation of an express contract no recovery can be had on a *quantum meruit*. It is not a cause of a material variance alone, but it is a failure of proof. The following are some of the more recent authorities in support of this view: Hunt v. Tuttle, 125 Iowa, 676, 101 N. W. 509; Ecker v. Isaacs, 98 Minn. 146, 107 N. W. 1053; Wade v. Nelson, 119 Mo. App. 278, 95 S. W. 956; Fordtran v. Stowers, 52 Tex. Civ. App. 226, 113 S. W. 631; Pettibone v. Lake View Town Co. 134 Cal. 227, 66 Pac. 218; Doyle v. Edwards, 15 S. D. 648, 91 N. W. 322; Manning v. School Dist. No. 6, 124 Wis. 84, 102 N. W. 356; Davis v. Chase, 159 Ind. 242, 95 Am. St. Rep. 294, 64 N. E. 88, 853; Dorrington v. Powell, 52 Neb. 440, 72 N. W. 587; 9 Cyc. 749.

The record discloses that defendant in no manner waived his right to restrict plaintiffs to the issues framed by the pleadings. On the contrary, his attorneys strenuously objected throughout the trial to the offered proof of an implied contract. Plaintiffs did not ask to amend the complaint, and, having failed to prove the contract as alleged, their recovery cannot stand. The above conclusion renders it unnecessary to notice the other assignments of error.

The judgment and order appealed from are reversed, and the cause remanded for further proceedings according to law.