## THARP v. BLEW.

### (135 N. W. 659.)

**Pleading — in action on contract of employment — variance.**

> Plaintiff's complaint alleged that between certain dates he "performed work and labor for defendant of the value amounting to $130, which amount the defendant agreed to pay; that there has been paid plaintiff on account of the labor and services so performed the sum of $23, and no more," together with a demand for judgment. The answer was a general denial. The proof made established an employment by the month for an agreed monthly wage, and nonpayment. The court directed a verdict of dismissal on the ground that the complaint stated "a cause of action on a *quantum meruit*, whereas the uncontradicted evidence showed any services performed were under and by virtue of an express contract." *Held* error in that there was no variance between the complaint and the proof. The complaint was not a *quantum meruit* count.

Opinion filed March 13, 1912.

Appeal by plaintiff from a judgment of the District Court for Sargent County, *Allen, J.*, dismissing an action brought to recover on a contract of employment.

Reversed.

*J. G. Forbes* and *O. S. Sem,* for appellant.

*Wolfe & Schneller,* attorneys on this appeal, and *J. E. Bishop* and *T. E. Curtis,* attorneys on the trial, counsel for respondent.

Goss, J.   Plaintiff's complaint in brief alleges that between specified dates he "performed work, labor, and services for the defendant of the value amounting to $130.95, which amount the defendant agreed to pay; that there has been paid plaintiff on account of the labor and services so performed the sum of $23.66, and no more," together with a demand for judgment for the balance of $107.29.   The answer consists of a general denial, with a detailed plea of payment, pleading an express contract of employment of plaintiff for one year; and based thereon a counterclaim for damage from plaintiff, quitting without cause such employment during the term, to which counterclaim plaintiff rejoined by denial.

During the trial (as evidenced by the rulings on objections made and sustained, unduly curtailing plaintiff's proof, and again at the close of the case) the court assumed that the complaint charged only a cause of action on a *quantum meruit* count. ' Plaintiff's proof, elicited on cross-examination, when plaintiff rested, disclosed an employment at $30 per month for no definite term except from month to month at the pleasure of the parties, a termination of such employment by mutual consent, and an amount agreed upon as due plaintiff therefor and its nonpayment.   Defendant then moved the court "to direct the jury to return a verdict for the defendant on the ground that the complaint states a cause of action on a *quantum meruit,* whereas the uncontradicted evidence shows that any services performed by the plaintiff for the defendant were under and by virtue of an express contract."   Plaintiff's counsel thereupon concluding that the court's ruling would be (as it had previously been during the trial) that the complaint stated but a cause of action on a *quantum meruit,* asked leave to reopen his case and amend his complaint to conform to the proof.   In so doing he explicitly stated the amendment he desired to make, showing thereby that

the amendment desired was not only in conformity with the proof, but was contrary to the testimony of the plaintiff. Counsel was evidently laboring under a misapprehension of fact and law as to the terms and legality of the employment, and because thereof desired the erroneous and unnecessary amendment offered. The court agreed with counsel in the necessity for an amendment to the complaint, concluding that a fatal variance existed between the complaint and the proof, but denied plaintiff the right to reopen his case and amend as desired, probably for the reason that to have allowed the request would have been but the useless exercise of discretion in permitting an amendment after which a supposed fatal variance would still have existed between the complaint as amended and the proof as made.

The fundamental error was in the mistaken assumption that the complaint stated a cause of action founded only on a *quantum meruit,* and because of which false premise the equally erroneous deduction followed that a fatal variance existed between the written complaint and the proof as it then stood. The court evidently assumed a pleading of reasonable value, instead of agreed value, and wholly ignored the pleading of an agreement to pay an amount certain for the work, as evidenced by the words, "which amount the defendant agreed to pay." The complaint did not plead a contract of employment to be reimbursed by payment to the reasonable value of service performed, but instead, alleged the value of the service performed, with an expressed or implied agreement by defendant to pay an amount stated therefor. The complaint is not on a *quantum meruit,* but, strictly speaking with reference to common-law pleading, pleads a count on indebitatus assumpsit. No variance existed between the pleading and the proof. The court should not have granted the motion for a directed verdict. See 2 Ency. Pl. & Pr. 1010; 1 Chitty, Pl. 352; Lowe v. Jensen, 22 N. D. 148; 3 Century Dig. col. 20; Decen. Dig. Assumpsit, § 6.

The judgment appealed from is reversed and a new trial ordered; appellant to recover costs on this appeal.