GEORGE H. YANCEY, by H. P. Long, Guardian ad Litem, v. HERMAN BOYCE.

(148 N. W. 539.)

**Pleadings — motion for judgment on — all facts properly pleaded admitted.**
1. A motion for judgment upon the pleadings admits the truth of all well-pleaded facts in the pleading of the opposite party.

Note.—While the right of an infant to repudiate a contract for services and sue on *quantum meruit* is not involved in YANCEY v. BOYCE, since the point there decided is his right to sue for the value of his services on the contract which he has disaffirmed, the court says in passing, that unquestionably an action for the value of his services may be maintained. This is in harmony with the weight of

**Recovery — express contract alleged as basis — cannot recover on implied contract — allegations of value — quantum meruit.**

2. When the plaintiff alleges an express contract as the basis for recovery, he cannot recover on an implied contract or *quantum meruit*, especially in the absence of any allegations of value. Lowe v. Jensen, 22 N. D. 148.

**Minor — contracts of — disaffirmance — part performance before — cannot recover on contract — disaffirmance relates back to inception of contract.**

3. Sections 4014 and 4015, Rev. Codes 1905, permit a minor to make contracts with certain exceptions, in the same manner as an adult, subject to his power of disaffirmance, and permit him to disaffirm contracts, except for necessaries, and statutory contracts, either before his majority or within one year thereafter, when the contract is made while he is under the age of eighteen; if made when over the age of eighteen, disaffirmance may be had by his restoring the consideration or paying its equivalent, with interest. *Held*, that a minor cannot disaffirm his express contract when partially performed and recover in an action based on the contract. *Held*, further, that an infant having elected to disaffirm his contract when partially performed, the disaffirmance relates back to the inception of the contract, and the contract is totally destroyed and the parties left to their legal rights and remedies the same as though there had never been any contract.

**Minor — contract for services — disaffirmance — suit to recover wages under contract — action not maintainable.**

4. Plaintiff, a minor, made a contract to work for defendant, a farmer, during the season of 1912, and at the end of the season he was to be paid $30 per month for his services. He disaffirmed this contract and left defendant's employ in August, and subsequently sued upon the contract to recover wages for the time he worked. It is *held* that the action cannot be maintained, and that the question of defendant's rights to recoup or offset damages sustained by the breach of the contract is therefore eliminated from the case.

Opinion filed July 6, 1914.

Appeal from an order and judgment of the District Court of Cass County, *C. A. Pollock*, J.

Judgment modified.

---

authority, as shown by a review of the cases in 15 L.R.A. 211, in which the question of the employer's right to offsets and counterclaims is also considered.

As to necessity of returning consideration in order to disaffirm infants' contracts, see note in 26 L.R.A. 177.

### Statement.

This is an action by George H. Yancey, a minor, by his guardian *ad litem* against Herman Boyce. The complaint alleges the minority of the plaintiff, and that about the 1st day of April, 1912, they entered into a contract, under the terms of which plaintiff was to work for defendant as a farm hand in Cass county, and was to receive therefor the sum of $30 per month if he stayed through the entire season, and $26 per month if he quit before the 1st of November, 1912; that pursuant to such contract plaintiff worked for defendant from the 1st day of April, 1912, until the 6th day of August, 1912, and judgment is demanded for $96.25, the amount claimed to be due on the contract. The answer alleges that the plaintiff began work on the 2d day of April, 1912, under a contract by which the plaintiff agreed to work for defendant during the season of 1912, at the agreed wage of $30 per month, and that the defendant agreed to pay plaintiff at the close of the season of 1912 the sum of $30 per month for such services properly rendered. It is then alleged that the plaintiff, without reason or cause and without the consent and against the will of the defendant, and in violation of the terms of the contract referred to, on the 6th day of August, 1912, quit his employ; that by reason of such facts he was compelled to employ other help to do the work, which the plaintiff would have done had he lived up to the terms of his contract, and to pay an advance wage in the amount of $74 more than would have been due the plaintiff under his contract, had he completed it. The answer admits that, after deducting from the wages earned by plaintiff said sum of $74, there is a balance of $39 due plaintiff, and tenders judgment for that sum, with costs.

The case was regularly called for trial, whereupon counsel for plaintiff submitted a motion to the court for judgment upon the pleadings. The grounds upon which the motion was based were, that it appeared upon the face of the pleadings that the action was to recover wages by a minor by his guardian *ad litem,* and that the defense interposed admitted the minority of plaintiff, and set up a contract more favorable to the plaintiff than set forth in the complaint, and sought to recoup damages, by reason of the fact that the minor had left defendant's employ before the contract expired. It was stipulated that counsel

for both parties stood upon such motion; that, if plaintiff's motion was sustained, judgment should be entered in his favor for the amount demanded in the complaint, and, conversely, that judgment should be entered according to the offer of the defendant. The learned trial court rendered judgment in favor of the plaintiff in accordance with the prayer of his complaint. From such judgment the case is here on appeal.

*J. F. Callahan,* for appellant.

Action by minor to recover for services rendered when he has disaffirmed his contract and quit before the full term of employment has expired can only be maintained on *quantum meruit.* Widrig v. Taggart, 51 Mich. 103, 16 N. W. 251; Craig v. Van Bebber, 18 Am. St. Rep. 621, note; 22 Cyc. 617; Robinson v. Van Vleet, 91 Ark. 262, 121 S. W. 288; Judkins v. Walker, 17 Me. 38, 35 Am. Dec. 229; Davies v. Turton, 13 Wis. 185; Vent v. Osgood, 19 Pick. 572.

*W. J. Courtney,* for respondent.

The laws of this state permit a minor to abandon his contract for services and recovery, and the employer cannot offset or recoup for damages he may have sustained. Widrig v. Taggart, 51 Mich. 103, 16 N. W. 251; Derocher v. Continental Mills, 58 Me. 217, 4 Am. Rep. 286; Davies v. Turton, 13 Wis. 206.

SPALDING, Ch. J. The question for determination seems to be, may an infant sue on an express contract, which he has disaffirmed after partial performance, and, if so, may the defendant recoup or offset damages for its breach by the infant? The statutory provisions pertinent to the question are found in § 4014, Rev. Codes 1905, providing that a minor may make any contract other than as above specified in the same manner as an adult, subject only to his power of disaffirmance under the provisions of this chapter, and subject to the provisions of the chapters on marriage and on master and servant. The exceptions referred to have no application to this case. Section 4023 empowers a minor to enforce his rights by civil action or other legal proceedings in the same manner as a person of full age, except that a guardian must be appointed to conduct the same. Section 4015 permits the infant to disaffirm his contracts, except those for necessaries and any expressly

authorized by statute; and if the contract is made when he is under the age of eighteen years, he may disaffirm it either before his majority or within one year's time afterwards, while if the contract is made while he is over the age of eighteen, it may be disaffirmed by him upon restoring the consideration or paying its equivalent, with interest.

In an application for judgment upon the pleadings, the motion admits the truth of all well-pleaded facts in the pleading of the opposite party (31 Cyc. 606; Walling v. Bown, 9 Idaho, 184, 72 Pac. 960); hence, for the purpose of this action the contract is as set forth in the answer of the defendant (Willis v. Holmes, 28 Or. 265, 42 Pac. 989). This eliminates all consideration of the allegation contained in the complaint, that the plaintiff was to receive $26 per month, if he quit the services of the defendant before the close of the season.

When the plaintiff alleges an express contract as a basis for recovery, he cannot recover on an implied contract or *quantum meruit*. Lowe v. Jensen, 22 N. D. 148, 132 N. W. 661, and authorities cited; Tharp v. Blew, 23 N. D. 3, 135 N. W. 659. This question has been so recently passed upon by this court that no discussion is necessary. It is apparent in the case at bar that, if the plaintiff might recover upon *quantum meruit,* the complaint contains no allegations of the value of the services. Hence, no foundation is laid for such a recovery.

We need not consider what the rights of the parties would be, had this action been brought upon *quantum meruit,* as that question is not involved under the pleadings, nor under the motion for judgment on the pleadings and the stipulation made by the parties in open court, to which reference has been made.

Legislatures and courts have sought to protect the rights of minors by rendering their contracts void in some cases and voidable in others. The contract pleaded was voidable only at the instance of the plaintiff. The theory of the legislatures and courts seems to have been that minors are, by reason of mental immaturity and lack of experience, unable to deal with adults on an equality, or to protect their own rights and interests. There is a great conflict of authority on every phase of contracts of infants, and particularly upon those which have been partially performed and disaffirmed by the infant before reaching majority. Some courts have carried the doctrine of their incapacity to such a limit that its application seems to work greater injustice than

would be caused by its abrogation; but we are dealing, in a measure, with legislative provisions and inhibitions, which are not altogether clear or comprehensive. In fact, the distinguished legal authority, the late Mr. A. C. Freeman, analyzes and comments upon the provisions of the California statute, which are in all material respects identical with our own, including the sections quoted, as follows: "The Civil Code of California contains several sections on this subject, which, as amended, exhibit a minimum acquaintance with the general law and a maximum obscurity of thought. The sections certainly have not the 'pride of ancestry,' and we will venture to predict that in an intelligent community they have not the 'hope of posterity.' " After further analyzing and commenting upon them, he says: "These distinctions made by the codifiers are perfectly senseless." 18 Am. St. Rep. 580, note.

The minor cannot disaffirm his express contract when partially performed, and in a suit on the contract recover his wages for the time he worked. The reason for this is that he cannot both disaffirm and affirm his contract at the same time. He cannot disaffirm it for the purpose of escaping the burdens it imposes upon him, and affirm it for the purpose of obtaining all or any part of the benefits which accrue to him. It is either a contract or it is not a contract. If he elects to disaffirm it, and having elected to disaffirm it, the disaffirmance relates back to the inception of the contract and from the beginning it is no longer a contract. 22 Cyc. 616. He cannot affirm in part and disaffirm the rest. Biederman v. O'Conner, 117 Ill. 493, 57 Am. Rep. 876, 7 N. E. 463; Bigelow v. Kinney, 3 Vt. 353, 21 Am. Dec. 589.

Mr. Labatt, in his recent Commentaries on the Law of Master and Servant, vol. 2, § 700, says: "Several decisions embody the doctrine that in an action brought by a minor servant, who has exercised his privilege of abandoning a contract, which is not obligatory by reason of his minority, the master is entitled to set off any damages which he may have sustained by reason of the withdrawal." See authorities cited under note 2. He continues: "The rationale of this doctrine is that, 'as the plaintiff had not performed the special contract, he cannot recover upon that, and being driven to his *quantum meruit,* he can only recover so much as he reasonably deserves to have under all the circumstances.' " See authorities under notes 2 and 3. However, this

learned author continues: "Some courts, on the other hand, refuse to make any allowance on this score, being of opinion that the logical consequence of the avoidance of the contract is that the rights of the parties should be determined in every respect on the same footing as if the contract had never been made. This doctrine, it is submitted, is the correct one. . . . If, under the supposed circumstances, the abandonment does not constitute a breach of any obligation, its effects as regards the master's business cannot properly be taken into account." The effect of the election of the minor to disaffirm a voidable contract is a total, and not a partial, destruction; and the parties are left to their legal rights and remedies, the same as though there had never been any contract. 1 Labatt, Mast. & S. § 107; Vent v. Osgood, 19 Pick. 572; Campbell v. Cooper, 34 N. H. 49; Derocher v. Continental Mills, 58 Me. 217, 4 Am. Rep. 286; authorities cited in note in 18 Am. St. Rep. 681.

If these conclusions are correct, it must be clear that this plaintiff cannot maintain his action in the form in which it was brought (22 Cyc. 628), and that the authorities, relating to the abstract question of the right of the defendant to maintain an action for damages for the breach of a contract, and to recoup or offset such damages in an action for the value of the services rendered, are not applicable to the case before us. Unquestionably an action may be maintained for the value of the services rendered (22 Cyc. 617); but the authorities are greatly divided on the question of recoupment, some holding that it may be had, others that it may be in effect taken into consideration by the jury or court, in connection with all the circumstances surrounding the services rendered, while still others hold that, inasmuch as there never was a contract, there is no breach of duty in quitting the services of the employer, and hence no such offset or recoupment can be had.

The parties having stood upon the motion for judgment on the pleadings, that motion having been for judgment for the amount claimed by the plaintiff, and it having been stipulated that, if the motion should be granted the judgment should be for the full amount, while if not granted, the judgment should be for $39, our conclusion is that the court was in error in fixing the amount of recovery, and that it should have been for $39 only. The same result would be

28 N. D.—13.

attained, we think, if we were to hold that the minor could maintain an action on the contract after disaffirmance, because in such case it would be most unjust and inequitable to permit him to stand upon his contract, in so far as it was beneficial to him, and repudiate it as to other provisions, especially without any showing that the contract was unreasonable or that advantage had been taken of his minority. If he is allowed to institute an action upon the contract, he must suffer all the consequences which properly inhere in the contract. He could not reject it in part. Sec. 4023, supra, does not apply to a voidable contract which has been disaffirmed. It protects the infant in his rights as fixed by the statute, and enables him to bring and maintain appropriate actions. The District Court is directed to modify its judgment in accordance with this opinion. The appellant will recover his costs in this court.