WEST END FURNITURE COMPANY, a Corporation, Appellant, v. M. NORMAN, Respondent.

(176 N. W. 5.)

**Contracts — action for goods sold and delivered — it was error to dismiss on the ground that complaint stated a cause of action on implied contract only.**

In an action to recover for goods sold and delivered to the defendant, where

the answer, by way of admission, defense, and counterclaim, admits a contract, and pleads a breach of warranty, and where the proof discloses a sale and delivery of such goods upon an agreed price, it is error to direct a verdict dismissal upon the gound that the complaint states a cause of action upon implied contract.

Opinion filed December 27, 1919.

Action to recover for goods sold and delivered, in District Court, Grand Forks County, *Cooley,* J.

From judgment entered upon a directed verdict of dismissal the plaintiff has appealed.

Reversed and new trial granted.

*W. J. Mayer,* for appellant.

"In no case can the plaintiff recover on the general counts where the special agreement (executory) continues in force." Lindingdale v. Livingston, 10 Johns. 37.

"When the terms of a special contract have been so far performed that nothing remains but a mere debt or duty to pay money, the amount due may be recovered under a general count." See note in 2 Enc. Pl. & Pr. p. 991, under title "Special Contract Executed" also authorities from the United States courts, and a most convincing array of authorities from numerous states.

Plaintiff has employed in this action a pleading substantially, if not literally, in the form of one of the common counts in *indebitatus assumpsit.* Such plea states a cause of action in this state. Weber v. Lewis, 19 N. D. 473, 126 N. W. 105.

*O'Connor & Johnson,* for respondent.

"Under the Code System of Pleading as contra-distinguished from that of the common-law system, it is neither necessary nor proper to allege a promise on defendant's part, in actions to recover upon implied contract." Pom. Code Rem. 4th ed. § 540; Weber v. Lewis, 19 N. D. 437, 126 N. W. 105.

"Plaintiff cannot try his case on one theory and then, after finding himself unable to prove it, shift to another." 31 Cyc. 85; Robinson v. Rice, 20 Mo. 229; Newell v. Nicholson, 17 Mont. 389, 43 Pac. 180.

"It is well established that under an allegation of an expressed contract no recovery can be had on a *quantum meruit.* It is not a cause of

immaterial variance alone, but it is a failure of proof." Lowe v. Jensen, 22 N. D. 148, 132 N. W. 661.

"Where the complaint alleges an express contract and a proof shows an implied contract and *vice versa,* no recovery can be had." Other cases sustaining this view are: Buell v. Brown, 131 Cal. 158, 63 Pac. 167; Morrow v. Board of Education, 7 S. D. 553, 64 N. W. 1126; Creamer v. Miller, 56 Minn. 62, 57 N. W. 318; Winchester v. Joslyn, (Col.) 72 Pac. 1070; Columbus, H. V. & T. R. Co. v. Gaffney, 65 Ohio St. 104, 61 N. E. 152; Yansey v. Voyce, 28 N. D. 187, 148 N. W. 539; Comtograph Co. v. Citizens Bank, 32 N. D. 59, 155 N. W. 680; Beers v. Shallern, 36 N. D. 45, 161 N. W. 557; Louva v. Worden, 30 N. D. 401, 152 N. W. 689.

ROBINSON, J. On the evidence in this case it appears that plaintiff is entitled to recover $581.71 and interest on an account for goods sold and delivered. The appeal is from a directed verdict against plaintiff. The complaint avers that the plaintiff sold and delivered to the defendant certain furniture, on which there was due a balance of $506.95. The answer admits the purchase of certain furniture from the plaintiff, but denies that the amount due and owing the plaintiff is the amount stated in the complaint. On the trial plaintiff's attorney testified that the claim against defendant consisted of three promissory notes, and the account amounting to $581.75; that credits had been given on the account for $42.70 and $56.25, and that at the request of the plaintiff the credits were put on the promissory notes, and that he then paid the balance due on the notes, leaving the account wholly unpaid; that the account and the notes amounted to $1,063. He testified that he gave Mr. Norman the statement of the account as received from the company for comparison with the invoices (ex. J); that Mr. Norman returned the statement and said it was correct as to the goods purchased and the price. The statement was put in evidence as exhibit J. The plaintiff rested and defendant moved for a directed verdict on the ground that the complaint shows an implied contract, and the testimony establishes conclusively an express contract; that the price of the articles was agreed upon between the parties. The motion was granted and the action dismissed, with costs. That is a rare specimen of tweedledum and tweedledee; it is practice which reflects no credit on the court or on the counsel.

When the plaintiff rested he had put in evidence the account (exhibit J.), with proof that defendant had examined it and said it was correct. That made a good strong *prima facie* case, and the question as to whether the contract price was express or implied became wholly immaterial. In a complaint for goods sold and delivered, the plaintiff has a perfect right to aver an express contract to pay the price charged and also that the goods were reasonably worth the prices charged.

It is true that the complaint is a slipshod document, and, before a new trial, it should be amended; but when the account was put in evidence, with proof showing that defendant had examined it and admitted that it was correct, it virtually became a part of the complaint, and, if necessary, the complaint should have been amended to conform to the fact. This principle is too clear for any discussion.

Judgment reversed and case remanded forthwith.

CHRISTIANSON, Ch. J. (concurring specially). I agree with Judge Robinson that the trial court erred in dismissing this action. The complaint alleged: "That on and between the 16th day of June, 1916, and the 15th day of May, 1917, it (plaintiff) sold and delivered to defendant a large amount of goods, wares, and merchandise, consisting of furniture and accessories, upon which there was a balance due on January 1, 1918, of $566.95; that the said sum, although duly demanded, has not been paid, nor has any part thereof." The answer, among other things, averred: "Defendant admits the purchase of certain articles from the plaintiff, but denies that the amount due and owing the plaintiff is the amount stated in the complaint." Clearly this paragraph of the answer was a negative pregnant and did not raise an issue as to the amount due the plaintiff from the defendant. 31 Cyc. 204, 225; Pom. Code Rem. 3d ed. §§ 618–621. In view of the pleadings, the question of variance between plaintiff's pleading and proof did not really exist. For there was in fact no denial that there was a balance due the plaintiff of $566.95 upon the furniture, except in so far as such indebtedness might be deemed denied by the averments of the counterclaims. But the burden of proving the affirmative matters set forth by way of counterclaim was upon the defendant. Hence, it was error to dismiss the action on the ground that plaintiff had failed to establish the cause of action set forth in the complaint.

I do not, however, agree with Judge Robinson that there may be a recovery upon an express contract under an allegation of implied contract. The contrary rule has been announced by the decisions of this court (Lowe v. Jensen, 22 N. D. 148, 132 N. W. 661; Yancey v. Boyce, 28 N. D. 187, 148 N. W. 539, Ann. Cas. 1916E, 258), and has the support of the great weight of authority (9 Cyc. 749; Pom. Code Rem. 4th ed. § 438).

BIRDZELL, J., concurs.

BRONSON, J. (specially concurring). This is an appeal from a judgment dismissing the action.

The complaint alleges that between certain dates the plaintiff sold and delivered to defendant goods upon which there was a balance due, on January 1, 1918, of $566.95. The answer admits the purchase of certain goods, but denies that the amount due and owing the plaintiff is the amount stated in the complaint. By way of defense and also of counterclaim, the answer further alleges that, concerning some of the articles so ordered and purchased, the plaintiff made certain warranties; that by reason of the breach of such warranties, upon which the defendant relied, he has been damaged in an amount stated; that one item of such damage for the misrepresentation and deceit occasioned is the difference between the actual value of the articles furnished and the contract price.

At the trial the defendant objected to the introduction of any evidence, upon the ground that the complaint failed to state a cause of action, and also demanded that the plaintiff state upon what theory it was proceeding, whether upon an express or an implied contract, or whether upon an agreed or reasonable value of the goods.

The court expressed its opinion that the action was on an implied contract. The plaintiff's counsel then stated that such was the theory upon which the action was brought. The plaintiff thereupon proceeded to prove the itemized account for the articles furnished, with the prices therefor after each of the articles, and that the defendant stated that such account was correct as to goods purchased and prices. Thereupon the plaintiff rested, and the defendant moved for a directed verdict for dismissal upon the ground that the proof disclosed an expressed contract

44 N. D.—4.

whereas the complaint was upon an implied contract, and such was the theory of the action as stated by the plaintiff. This motion was granted together with a dismissal of defendant's counterclaim, without prejudice. The appellant, in his brief, contends that the action might be considered, under the old practice as laid in debt, or otherwise as *"indebitatus assumpsit."* The respondent contends that the action, as laid in the complaint and upon the theory as adopted by the plaintiff, is upon an implied contract, and, the proof showing an express contract, there exists a fatal variance which prohibits the appellant, under the general rule, from recovery.

I am of the opinion that both the court and the parties misconceived the issues existing upon the allegations of the complaint and the admissions and allegations contained in the answer. Even though inartificially drawn, the test of the sufficiency of a complaint is whether it informs the defendant of the nature of the demand so that he may not thereby be misled in the preparation of his defense (31 Cyc. 101). It is fundamental furthermore, in pleading, that a fact admitted in an answer is available to the plaintiff as if well pleaded in the complaint. 31 Cyc. 214. Consequently the admission of a necessary allegation in a complaint may be supplied, admitted, or alleged by the answer. 31 Cyc. 714.

Accordingly, upon the issues as framed in this case, it appears that the plaintiff alleges a sale and delivery to the defendant and of a balance due therefor; that the defendant admits the sale, admits the purchase of certain articles from the plaintiff and a contract price therefor, denying, however, that the amount due and owing was the amount stated in the complaint. Upon the issues in this case the defendant could not, in any manner, be misled concerning the nature of plaintiff's demands. The issues show an action upon an express contract; a sale of goods is an accepted and executed contract therefor. 35 Cyc. 27. Ordinarily there is no sale if the parties have not agreed upon the price, either expressly or by implication. 35 Cyc. 48. Expressly, the plaintiff proved the same and the prices for the goods so sold. The fact that the court or the plaintiff may have considered this complaint, by itself, upon ancient procedure, or upon the subtleties of common-law pleading, as a cause of action based upon a form of implied contract, does not serve thereby to defeat the right of the plaintiff when the issues as framed

and the proof as submitted, show a right of recovery upon an express contract. Where no prejudice is shown to the rights of the defendant, it is a mere play upon legal technicalities to defeat plaintiff's right of recovery, by shifting the plaintiff, through the action of the court and of his counsel, into a position of construction upon archaic forms of pleading, so as to thereby deprive the plaintiff of his day in court. The judgment should be and is reversed, and a new trial awarded, with costs to the appellant.

GRACE, J., concurs.