[Civ. No. 6431. First Appellate District, Division One.—December 18, 1928.]

LOUIS SPARBER et al., Respondents, v. MISSION MOTOR SERVICE, INC. (a Corporation) et al., Appellants.

Young & Hudson for Appellants.

Skinner & Friedman, Monroe Friedman and Howard H. Desky for Respondents.

PARKER, J., *pro tem.*—This is an action to recover broker's commission arising out of the sale of a gasoline service station and equipment. Judgment was for plaintiffs against both defendants and both defendants appeal. Two points are raised, namely:

(1) Plaintiffs and respondents were not the inducing or procuring cause of the sale so as to entitle them to receive the commission.

(2) No judgment is justified as against defendant and appellant Mission Motor Service, Inc., by reason of the fact that there was no antecedent authority to Waugh from the corporation to enter into the alleged contract.

No questions are raised as to the capacity of plaintiffs to act as brokers or the compliance by them with the laws governing. There is evidence to support the following statement of facts:

Defendant Mission Motor Service in January, 1927, was the owner of the service station in question and defendant Waugh was the president of said corporation and its general manager and acting as such in the management and conduct of the station.

As stated, plaintiffs are licensed brokers operating in Alameda County. In January, 1927, Waugh called at the office of plaintiffs and stated that the service station was for sale and asked one of those connected with the office to send Mr. Sheets, one of the plaintiffs, to the station for further discussion. At this first conversation defendant Waugh promised to pay a commission on the sale. Sheets subsequently, a few days later, called upon Waugh at the

service station and the matter of the sale was again taken up. Waugh at this time told Sheets that if he brought somebody out to purchase the station and a sale was made he would pay $1,000 commission irrespective of the price obtained. Some time during February, 1927, Sheets had another conversation with Waugh concerning the service station, during which Waugh confirmed his former offer and told Sheets to get him an offer, saying he would consider $18,000. Subsequent to the conversation in February Sheets had several conversations with Waugh. All that was required under the offer was to secure a purchaser for the service station.

In April, 1927, Sheets took Stanley and Gallinatti to see the station. The last-named persons were introduced to Waugh by Sheets and a general discussion was had on the subject of the station, its name, lease, rental, etc. Stanley and Gallinatti told Waugh they would get in touch with him later. The price named at that time by Waugh was $22,000. After that Sheets had several conversations with Stanley and Gallinatti concerning the service station, though not on the premises of the station. Many conversations were had thereafter between Sheets and Waugh, the latter constantly urging diligence on the part of Sheets and assuring him of his commission. In May, 1927, the station was sold to Stanley and Gallinatti for $15,000, and notice of the sale given. While notice was being given and the escrow yet unclosed plaintiffs called upon defendant Waugh regarding the payment of their claimed commission and asking if they should take it up with the purchasers. Waugh stated to them at that time, and on other occasions pending the closing of the escrow, that he knew they were entitled to the commission and that he would pay it as soon as the deal was closed. However, he refused to pay any commission, hence the action. The trial court found that the services were rendered as alleged and a commission of $1,000 earned under the contract and awarded plaintiffs judgment accordingly.

It is perhaps needless to add that the evidence offered by defendant contradicted the foregoing statement in many of its essentials. It is more needless to point out the conflict. Bound by the rule which requires no citation,

the determination of the trial court, where substantial evidence supports it, is accepted by us.

From these facts we determine that the first ground of the appeal is without merit. (*Bail* v. *Glantz,* 78 Cal. App. 49 [248 Pac. 258]; *Sessions* v. *Pacific Improvement Co.,* 57 Cal. App. 1 [206 Pac. 653]; *Roth* v. *Thompson,* 40 Cal. App. 208 [180 Pac. 656]; *Contant* v. *Wallace,* 62 Cal. App. 768 [217 Pac. 1081]; *Hill* v. *McCoy,* 1 Cal. App. 159 [81 Pac. 1015]; 9 Cor. Jur. 613, sec. 96; *Twogood* v. *Monnette,* 191 Cal. 103 [215 Pac. 542]; *Boland* v. *Ashurst Oil Land Co.,* 145 Cal. 405 [78 Pac. 871].)

This brings us to an inquiry concerning the power of Waugh to bind the corporation. Waugh was the president of the corporation and its general manager and the owner of twenty-five per cent of the stock. There was a resolution passed by the board of directors authorizing him to bind the corporation in the matter of the sale of the premises. The resolution did not bind him to a sale to any particular person. Further, there was a resolution authorizing him to proceed with the sale of the station. Waugh talked frequently during the months of January, February, March, April, and May of 1927 with the directors and they discussed all matters and he told the others of his plans and they told him to go ahead. They told him to go ahead and sell the place for any price he liked—any reasonable price. The board of directors passed a resolution authorizing the sale as made to Stanley and Gallinatti and accepted the offer of the buyers and authorized Waugh to execute the necessary instruments of conveyance.

From these facts the authority of President Waugh is manifest. (*Sessions* v. *Pacific Imp. Co.,* 57 Cal. App. 1, 24 [206 Pac. 653]; *Burns* v. *Valley Bank,* 94 Cal. App. 254 [271 Pac. 107], and cases cited therein; *Hoffman* v. *Rush,* 27 Cal. App. 167 [149 Pac. 177]; *Pettibone* v. *Lake View Co.,* 134 Cal. 227 [66 Pac. 218].)

Appellant presents no authorities on this phase of the appeal.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.