[Civ. No. 7803. First Appellate District, Division One.—August 27, 1931.]

CHARLES GILMAN HYDE, Appellant, v. CITY OF SANTA CRUZ (a Municipal Corporation), Respondent.

334

H. C. Symonds for Appellant.

John H. Leonard and Lindsay & Gearhart for Respondent.

GRAY, J., *pro tem.*—Respondent, by a written agreement, employed appellant to design a sewerage and sewerage disposal works, to prepare all drawings and the contract for its construction and to supervise and inspect such construction for a percentage of its cost, payable in progress installments, subject to final determination thirty-five days after completion. Although providing that time was of its essence, the agreement did not limit the time for performance of these services except as to require appellant to begin the engineering work on a specified date and to furnish the designs, drawings and construction contract on a certain day "so that the work may be let and construction thereof may begin as much prior to January 1, 1927, as shall appear expedient and proper and so that the entire project shall be completed and accepted as far as possible in advance of December 31, 1927". The construction contract, furnished by appellant and executed by the successful bidder, set December 31, 1927, as the date of completion, defined avoidable and unavoidable delays, required the contractor to pay respondent $100 for each day, after date of com-

pletion, the work was uncompleted, as liquidated damages "representing the cost to the city of *additional engineering* and clerical hire and the loss of interest and of the use of the works caused by the delay" and provided that the contractor should pay such sum, if the city extended time of performance for a delay that appellant should determine was avoidable. The work was not completed by December 31, 1927, but was completed within the time extended by the city.

█ Appellant sued to recover compensation, additional to that provided in his agreement, for his services in supervising and inspecting during such time extension. To supply the lack of time limitation in his agreement for rendition of his services, appellant pleaded that the above-noted provisions of the construction contract were embodied in his agreement. The court rendered judgment against appellant, finding, among other facts, that these provisions did not form part of appellant's agreement with the city. Appellant appeals, questioning principally this finding. This finding is legally correct. The rule, as stated in section 1642 of the Civil Code, that "several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together" has no present application because appellant's agreement and the construction contract differ as to parties, dates of execution and subject matter, and they must be regarded as separate contracts, and not as constituting one contract. (*Uhlhorn* v. *Goodman*, 84 Cal. 185 [23 Pac. 1114] ; *Pettibone* v. *Lake View Town Co.*, 134 Cal. 227 [66 Pac. 218].) Appellant's agreement does not incorporate into itself the terms of the construction contract, and therefore it cannot be aided or enlarged by the latter's terms. (*Mannix* v. *Tryon*, 152 Cal. 31 [91 Pac. 983] ; *Kirkpatrick* v. *Pye*, 59 Cal. App. 125 [210 Pac. 438].) █ Nor is appellant's contention aided by the provision of the construction contract permitting the city to forfeit $100 a day as liquidated damages, representing in part additional engineering fees, since such provision was not expressly made for his benefit although its enforcement might incidentally benefit him. (*Chung Kee* v. *Davidson*, 73 Cal. 522 [15 Pac. 100].) The same conclusions, as our own, were reached as to similar

contentions under similar facts in *Town of Decatur* v. *Jaudon,* 136 Ga. 854 [72 S. E. 351].

Since this finding demolishes the foundation of appellant's case, it will be unnecessary to consider other findings questioned by him.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 26, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 26, 1931.