[No. 12738.   Department Two. — May 2, 1890.]

## HENRY PHELPS ET AL., RESPONDENTS, v. WILLIAM PRUSCH, APPELLANT.

BROKER TO SELL LAND— CONTRACT OF — PERFORMANCE. — The contract of a broker who undertakes to sell a tract of land is that he will find a purchaser who is ready to buy on the specified terms; and when he produces such a purchaser he performs his contract.

ID. — FAILURE OF TITLE— COMMISSION. —The commission of the broker does not depend upon the validity of the title to the land. It is not his fault if the sale falls through for want of a valid title, and his commission is not lost thereby.

ID. — PREVENTION OF SALE BY OWNER. — If the owner takes steps to make the intended purchaser believe that the title is bad, and the latter refuses to proceed with the transaction in consequence, the broker is entitled to his commission.

ID. — DEPOSIT — RETURN OF — NOTICE TO OWNER. — The commission of the broker has no relation to the question as to the return of the deposit. If the deposit is in the hands of the broker, to be returned if the title does not prove good, he may return it in the cases above mentioned, without notice to the owner, without affecting his right to a commission.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion.

*T. H. Laine,* for Appellant.

*A. S. Kittredge,* for Respondents.

HAYNE, C. — This was an action to recover $1,160.75 as broker's commissions for negotiating a sale of real property. The trial court gave judgment for the plaintiffs, and the defendant appeals.

The evidence is not brought up, and the findings must therefore be taken to correctly set forth the facts of the case, which are as follows: —

The defendant authorized one Dunn, the assignor of the plaintiffs, to sell a tract of land then possessed and claimed by defendant, at a price not less than $23,125, and promised in writing that he " should receive from defendant, as commissions for making such sale, the sum of five per cent upon the full amount for which said property should be sold, and that, upon deposit of ten per cent of the purchase price by the purchasers, the defendant would furnish to him a complete and perfect abstract of title thereto."

Dunn procured purchasers who were willing to take the property at $23,215, and who deposited with him ten per cent of this amount, taking a written receipt containing the following clause: " Title to prove good or no sale, and this deposit to be returned." The defendant

"was immediately informed of said sale and its terms, and expressed himself as satisfied therewith, and acquiesced therein"; and an abstract of title was prepared at the instance of Dunn and given to the purchasers, who placed it in the hands of their attorney. A few days after the arrangement, "the defendant became dissatisfied with the price at which the property had been sold, and exerted himself to cast suspicion upon, and to impeach and discredit, his title in order to prevent a consummation of said sale." He first went to the plaintiff Smith, who had assisted Dunn in negotiating the sale, and offered to pay him the amount of the commission if he would break up the sale. Smith declined the proposition. The defendant then went to the attorney for the purchasers, who was examining the abstract of title, and gave him notice of certain matters which induced him to reject the title. The purchasers thereupon refused to complete the purchase, and demanded the return of their deposit, which was thereupon returned to them by Dunn, without the knowledge or consent of the defendant.

Upon these facts we think that the judgment in favor of the plaintiffs was clearly right. The contract of the parties was not that there should be an actual transfer of the title, or a valid contract for such transfer. It was merely that the broker should find a purchaser who was willing to buy upon certain terms. (*Duffy* v. *Hobson*, 40 Cal. 244; 6 Am. Rep. 617; *Armstrong* v. *Lowe*, 76 Cal. 616.) This being the contract on the broker's part, it was performed when he produced purchasers who were willing to buy upon such terms. (*Phelan* v. *Gardner*, 43 Cal. 311.) It makes no difference whether the defendant had a good title or not. If he had not a good title, and the transaction failed in consequence, that was not the broker's fault, and is no reason why he should lose his commission. (*Middleton* v. *Findla*, 25 Cal. 76.) If he had a good title, but took measures to have it rejected by the purchasers' attorney for the purpose of defeating the

sale, it needs no argument or authority to show that the broker's right to a commission is not thereby defeated.

It is immaterial that Dunn returned the deposit to the purchasers without the knowledge or consent of the defendant.   The condition upon which he held it was that it should be returned if the title should not "prove good."   If the title was not in fact good, it was the duty of the depositary to make the return.   If the title was good, but the defendant, for the purpose of defeating the sale, induced the purchasers to believe that it was bad, and to act upon such belief, he had no more right to have the deposit retained than he had to deprive the broker of his commission.   It makes no difference upon whom the demand for a return of the deposit was made, or whether it was returned or not.   The complaint was drawn with unusual precision, and the demurrer was properly overruled.

We therefore advise that the judgment be affirmed.

GIBSON, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.