[Civ. No. 2114.    Second Appellate District.—March 12, 1918.]

## E. C. TURNER, Respondent, v. ROY S. WATKINS, as Administrator, etc., Appellant.

PLEADING—ANSWER—DENIALS UPON LACK OF INFORMATION.—Denials in an answer predicated upon a lack of information only, and not upon a lack of information and belief, are insufficient under section 437 of the Code of Civil Procedure.

ID.—ACTION FOR RECOVERY OF BROKER'S COMMISSIONS—ANSWER—AFFIRMATIVE ALLEGATIONS—INSUFFICIENT DENIALS.—In an action for the recovery of a broker's commission for making an exchange of real property, affirmative allegations in the answer that the exchange was not consummated, that the failure was not due to any fault of defendant, but that he was ready and anxious at all times to carry out the arrangement, and that the deal fell through because of misrepresentations made by the broker, do not amount to a traverse of anything averred in the complaint.

ID.—"CONSUMMATION" OF EXCHANGE OF REAL PROPERTY—COMMISSIONS WHEN EARNED.—Under an agreement to pay a broker a commission upon the "consummation" of an exchange of real property within a fixed time, the broker is entitled to his commission where, within the time, he presents the other party to his principal and they enter into an agreement for the exchange, notwithstanding the deal was never completed and deeds did not pass between the parties.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

A. T. Roark, for Appellant.

John F. Greer, and W. P. Cary, for Respondent.

WORKS, J., *pro tem.*—This is an action for the recovery of a broker's commission for an exchange of real property, under a contract between the plaintiff and the defendant's intestate, W. C. Watkins. The plaintiff had judgment and the defendant appeals.

At the opening of the trial the respondent contended that the denials of appellant's answer were insufficient to present a defense and asked the court to rule that the appellant should go forward with his proof in support of certain affirmative defenses set up in the answer. The court ruled accordingly and the ruling is assigned as error. The claim that the denials of the answer were insufficient was based upon the fact that they were preceded by the following statement, ending with a colon: "Not having sufficient information on which to base his answer, defendant denies." Section 437 of the Code of Civil Procedure contains this language: "If the defendant has no information or belief upon the subject sufficient to enable him to answer an allegation of the complaint, he may so state in his answer, and place his denial on that ground." It will be observed that the denials in the answer in this action were predicated upon a lack of information only and not upon a lack of information and belief. A denial in that form is insufficient, for section 437 permits a denial only upon the want of both information and belief and not upon a want of information alone. (*Humphreys* v. *McCall,* 9 Cal. 59, 62, [70 Am. Dec. 621].)

The appellant insists, however, that the affirmative allegations of his answer present a state of facts inconsistent with the allegations of the complaint, and that for that reason the answer amounted to a traverse of the complaint; and he accordingly contends that the respondent should have been compelled to go forward with the introduction of evidence in support of the complaint. The affirmative matter in the answer was to the effect that the exchange for the bringing about of which the respondent claimed a commission "was not consummated within the thirty days set apart for that

purpose, nor during any other period of time, nor has said
exchange yet been consummated by the parties to said deal,''
and that the failure to consummate it was not due to any
fault of appellant's intestate, but that he was always
"ready and anxious" to carry out the arrangement. It is
also alleged that the failure to consummate the deal was
occasioned by the fact that the respondent made certain mis-
representations to the parties on the other side, the misrep-
resentations having to do with the matter of the value of
and the income derived from his principal's property. The
allegation that the exchange was not consummated within
thirty days arose from the fact that there was a provision
in the commission contract to the effect that it was to be
consummated within that time; but that allegation, as well
as the allegation that it was never consummated at any time,
negatived nothing in the respondent's pleading, for re-
spondent does not contend that the deal ever went through,
and it is his theory of the case that he is entitled to a com-
mission because he brought the parties together, the other
side, as he alleges, having at all times been ready, able, and
willing to make the exchange. The allegation of the answer
that the failure to consummate the exchange was not due to
any fault of appellant's intestate and that he was at all
times desirous of carrying it out, is a plain allegation of
new matter, as there was no averment upon the subject in
plaintiff's pleading. The statement of the answer that the
deal fell through because of misrepresentations made by the
respondent is of course not responsive to anything in re-
spondent's pleading. It is plain, then, that the affirmative
allegations in the answer did not amount to a traverse of
anything averred by respondent in his pleading.

The contract upon which the action was based provides,
in part, that appellant's intestate "agrees to pay E. C.
Turner a commission . . . on account of above exchange;
said exchange to be consummated on or before thirty days
from date first above written.'' As already remarked, the
respondent does not contend that the deal ever was com-
pleted. He claims that the commission was earned when
he presented to his principal the parties on the other side,
one Brown and one Anderson, and by his principal having
entered into an agreement with them for the exchange, within
the thirty days limited in the commission agreement, which

the record shows he did. The appellant insists, however, that the deal could have been consummated, in the sense intended by the commission agreement, only by the passing of deeds between the parties, and that, therefore, no commission was earned. Our courts have long adhered to the rule that a broker who contracts to sell has earned his commission when he has presented to his principal one who is ready, able, and willing to buy (*Phelps* v. *Prusch*, 83 Cal. 626, [23 Pac. 1111]; *Purcell* v. *Firth*, 175 Cal. 746, [167 Pac. 379]); and in the latter case the commission was to have been paid, under the written agreement between the parties, when the sale was "consummated." The only difference, then, between that case and this lies in the fact that in the one the broker was to be paid upon the consummation of a sale, while in the other he was to be paid upon the consummation of an exchange; which, to our minds, is, in legal effect, no difference at all. The exchange was consummated to the extent that such a result could have been brought about by the respondent. The parties principal on both sides had entered into an agreement for the exchange, and over the performance of the terms of that agreement he could exercise no control. All the services he could have performed in the premises were completely rendered and his commission was earned.

Upon the issue as to whether the failure to complete the deal between the principals was because of misrepresentations made by the respondent to Brown and Anderson, the trial court found with the respondent. The appellant contends that the finding lacks support in the evidence, but the contention is untenable. It is enough to say, without making a more detailed statement of the evidence, that, first, the respondent never had any dealings with Anderson in the matter of the proposed exchange; and, second, if it be conceded for the purpose of the argument that misrepresentation was made by the respondent to Brown, the latter testified that the statements were not ascertained to be incorrect until "after the deal was turned down."

In his opening points and authorities A. T. Roark, the counsel for the appellant, quotes language as coming from a certain reported case, but it is found only in the brief of the party unsuccessful on the appeal which is there decided; he cites two cases to a proposition of law stated within

quotation marks, the language not being found in the report of the case first cited and being stated in a dissenting opinion in the report of the second; he cites four cases to a statement within quotation marks and the quoted language is found in none of them; he quotes from the opinion in another case, but omits from his quotation an important clause found in the opinion, and without indicating the omission in any way; he quotes certain language as being in the case last mentioned when it is not to be found in the opinion, and he later commits the same offense as to another reported case. Counsel for the respondent calls attention in his points and authorities to all these derelictions, and, in addition, specifies two or three other faults of the same character. We have not examined into these latter charges because of the length of the reports of the cases in which they are involved. In his reply points and authorities Mr. Roark has only this to say upon the subject which now interests us: "Respondent, after offering a great variety of criticisms to citations of law quoted by appellant bearing on the point as to what constitutes consummation of a real estate broker's contract, was charitable enough to concede that the laws of the states of Maryland and Georgia, dealing with contracts of this character, support appellant's contention." The amazement with which we view the conduct of Mr. Roark in the matter of the erroneous citations and quotations in his points and authorities is heightened by the cavalier manner in which he seeks to dismiss the subject. If, in fact, these misquotations were no more than the result of gross carelessness, he should have admitted the facts, with an apology and a suggestion of any excuse that he might have for committing such errors. Nothing less was due to the court, which is entitled to rely upon counsel for a true statement of the language contained in quoted decisions. He has left himself in a very poor position to urge the charge made in his reply brief, that opposing counsel has pursued a certain course in framing his argument, "for the purpose of confusing this court."

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.