[Civ. No. 1797. Third Appellate District.—July 1, 1918.]

GARABED SOBAJE et al., Copartners, etc., Respondents, v. P. M. SCHUBERT, Appellant.

BROKER'S COMMISSIONS—ACCEPTANCE OF PURCHASER—ADMISSION OF ABILITY.—Where an owner of real property accepts the offer therefor made by a person produced by the broker employed to make the sale, he thereby admits the readiness, willingness, and ability of the purchaser to consummate the sale.

ID.—NEGOTIATION OF SALE—RIGHT TO COMMISSIONS—WHEN COMPLETE. When a broker employed simply to negotiate a sale of real estate

has found a purchaser ready, able, and willing to purchase upon the vendor's terms, his right to the agreed commission is complete, and not contingent upon the consummation of the sale.

APPEAL from a judgment of the Superior Court of Madera County. Wm. M. Conley, Judge.

The facts are stated in the opinion of the court.

J. J. Coghlan, Harry I. Maxim, and F. A. Fee, for Appellant.

Harry Sarkisian, for Respondents.

CHIPMAN, P. J.—The action is for the recovery of $650 as commissions for procuring a purchaser of certain real property. The cause was tried by the court without a jury and plaintiffs had judgment for the amount claimed by them. The appeal is from this judgment and is here on a bill of exceptions.

It is alleged in the complaint that plaintiffs are copartners under the firm name of New England Real Estate and Insurance Company; that, on or about April 15, 1916, plaintiffs "entered into the service of the defendant, P. M. Schubert, at his special instance and request as his agents to sell and dispose of the following described real property [describing it] . . . for the sum of thirteen thousand dollars, payable at the times and upon the terms and conditions agreed to and suggested by the said defendant; for which services defendant agreed in writing to pay plaintiffs therefor the sum of five per cent as commission on the said sum of thirteen thousand dollars, such commission amounting to $650''; that plaintiffs did, on or about April 20, 1916, "procure a purchaser for the defendant's said lands, who was then and there ready, willing, and able to complete the purchase of the defendant's said real property upon the terms and conditions fixed and agreed to by the defendant with plaintiffs herein, by bringing together the said intended purchaser and the defendant and procuring from the said intended purchaser a written offer to purchase the said lands to and for defendant herein; which offer to purchase the defendant, on or about the twenty-third day of April, 1916, . . . did then and there accept and agree to make the sale''; that defendant, though often demanded to

do so, has failed and refused, and still refuses, to consummate said sale; that plaintiffs have performed all the conditions in said contract on their part to be performed.

The answer is a specific denial of the averments of the complaint. As further answer defendant sets forth a written agreement, of date April 15, 1916, signed by defendant, by which he agreed to pay to plaintiffs a commission of five per cent for effecting a sale of said land, the sale price being thirteen thousand dollars, to be paid, five hundred dollars cash and the balance in installments as set forth. This appeared to be the agreement referred to in plaintiff's complaint on which they rely. The answer then sets out what purports to be a proposal, made on or about April 23, 1916, by John Boornutian, the purchaser referred to in plaintiffs' complaint, to purchase said land upon terms and conditions fully set out, the price to be paid being the same as stated in defendant's agreement of April 15, 1916, but including some provisions not found in that agreement. This proposal was directed "to P. M. Schubert, P. O. Box No. 87, Madera, Calif." It is alleged that "defendant then and there accepted by indorsing his acceptance upon said agreement aforesaid"; that subsequently said Boornutian offered to pay defendant five hundred dollars, but did not offer any written contract for the sale of said land; that defendant "is ready and willing to carry out the terms of said contract with said Boornutian, provided the said Boornutian will pay the said sum of five hundred dollars and enter into a contract containing the usual covenants and restrictions usually contained in contracts for the sale of real estate but without giving or conferring upon the said Boornutian the right of possession except for the purposes mentioned in said agreement," which were for planting and cultivating trees and vines, etc.

The court made the following findings of fact:

"II. That on or about the 15th day of April, 1916, defendant employed plaintiffs as such copartners to sell the real property described in the complaint for the sum of $13,000.00, and agreed to pay plaintiffs the sum of five per cent of said amount as commission, in the event that plaintiffs should obtain a purchaser ready, willing and able to purchase said property upon terms satisfactory to the defendant.

"III. That on or about the 20th day of April, 1916, the plaintiffs as such partners did procure a purchaser for said

defendant's land upon terms and conditions satisfactory to defendant, who was then and there ready, willing and able to purchase said real property upon such terms and conditions and introduced such purchaser to defendant and also procured from said purchaser a written offer to purchase said lands upon terms and conditions satisfactory to the defendant, which said offer was on the 23rd day of April, 1916, accepted by defendant.''

The court also found that the averments of the answer, paragraphs 5 and 6, were true. Paragraph 5 sets forth the agreement between defendant and plaintiffs upon which plaintiffs rely. Paragraph 6 sets out the proposal of Boornutian above referred to. The court found that plaintiffs have fully performed the terms and conditions of their contract with defendant; that they have made demand upon defendant for payment of said commissions, and that defendant has refused to pay the same.

As conclusion of law the court found that plaintiffs are entitled to recover from defendant the sum of $650 and costs.

There was evidence that defendant indorsed his acceptance of the offer made by Boornutian, the latter of whom had been introduced as a purchaser by plaintiffs; this fact is also admitted in the answer; that subsequently the parties met in the city of Madera. Witness V. K. Sarkisian, one of said plaintiffs, testified: That the parties at that meeting ''endeavored to reach an agreement on terms different from those contained in the offer and acceptance, but could not do so for the reason that Schubert and Boornutian could not agree; . . . that Boornutian at such meeting declared and said that he would not buy the premises from Schubert on any other terms than the terms mentioned in the offer he had made, which Schubert had accepted, and that if Schubert refused to sell, he, Boornutian, would employ a lawyer to take the matter to court.'' The witness testified that effort was made to bring the parties to an agreement without result. ''Finally,'' testified the witness, ''I gave up and said to defendant, 'I have got you parties together and you have made a contract for the sale of this property. You got to pay me my commission whether you do or do not agree to different terms and conditions of sale.' '' Boornutian testified that he tendered to defendant the cash payment of five hundred dollars, which defendant took and

held for fifteen minutes and then handed the money back, stating that he could not take the money.

Defendant testified that he signed the Boornutian offer in the latter's absence and that at the time V. K. Sarkisian, one of plaintiffs, told him it was only preliminary to a final contract that was to be drawn up on the payment of five hundred dollars. He testified that when Boornutian tendered the five hundred dollars he said he told Boornutian "to take the five hundred dollars to plaintiffs and sign a definite contract and it would be all right"; that no subsequent agreement had ever been presented to him; that he was ready at any time to make a sale of the land "in accordance with the terms of said commission agreement, whenever a binding contract is entered into by any proposed vendee" upon the terms of said commission agreement. Defendant made the same offer in open court: "The Court: Now, Schubert, are you willing to sell this property to this man upon the same terms contained in his offer which was accepted? A. Yes, sir, if some things in there are changed. The Court: Then you don't want to sell this property upon the terms contained in the offer and acceptance, but will sell on terms different and more favorable to yourself. Isn't that true? A. Yes, sir." The record then states: "On cross-examination this same witness admitted that the only reason why he did not complete the sale was for the reason that the time of payments had been deferred a long time and he had leased the premises and the lessee could not be moved out before the end of the cropping season of the year 1916, and that he could not make the sale unless the purchaser was willing to take the place subject to said lease."

There was no direct evidence as to Boornutian's financial ability to meet the payments called for in his proposal. But we think that his readiness, willingness, and ability were admitted by defendant to be sufficient in accepting his proposal and in accepting him as a satisfactory purchaser presented by plaintiffs. The memorandum prepared by defendant as a substitute for some of the provisions in the Boornutian offer was properly refused admission, for the reason that it changed the terms of said offer, and, though prepared by one of the plaintiffs, it was not prepared with Boornutian's knowledge or consent nor agreed to by him. Defendant's expressed willingness to enter into a contract with Boornutian, provided that con-

tract contained "the usual covenants, agreements, and penalties contained in agreements for the sale of real property," does not, it seems to us, meet the situation. The offer of Boornutian was definite in its terms and was accepted. The duty of formulating a contract in accordance therewith, if needed, was upon defendant as much as it was upon Boornutian. The answers given by defendant to the court show that the true reason for not going forward and completing the transaction was that he was, on reflection, unwilling to sell his property "upon the terms contained in the offer and acceptance."

Appellant's contention, aside from what appears above, is that the offer of Boornutian and acceptance of appellant "is but a tentative preliminary arrangement to form the basis of a contract to be subsequently entered into, all of which is apparent and satisfactorily appears from said agreement itself." It is true that the offer contemplated the happening of certain things and stipulated certain conditions. But whatever they were, appellant accepted Boornutian as a purchaser upon the conditions laid down in the offer. Plaintiffs had performed their contract by bringing the parties together and establishing the relation between them of seller and purchaser and upon terms to which they had both subscribed. Their failure afterward to consummate the sale was in no wise attributable to plaintiffs.

The law is well settled that when a broker employed simply to negotiate a sale of real estate has found a purchaser ready, able, and willing to purchase upon the vendor's terms, his right to the agreed commission is complete (*Gunn* v. *Bank of California,* 99 Cal. 349, [33 Pac. 1105]), and the right of the plaintiffs was not contingent upon the consummation of the sale. (*Jauman* v. *McCusick,* 166 Cal. 517, [137 Pac. 254].)

We think the evidence sufficient to support the findings, and as the findings sustain the judgment, it is, therefore, affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 29, 1918.