[Civ. No. 4306. First Appellate District, Division Two.—October 14, 1922.]

## C. H. JOHNSON et al., Respondents, v. PETER KRIER, etc., Appellant.

[1] BROKER'S COMMISSION—EMPLOYMENT TO NEGOTIATE SALE—WHEN COMMISSION EARNED.—When a broker employed simply to negotiate a sale of real property has found a purchaser able, ready, and willing to purchase upon the vendor's terms, his right to the agreed commission is complete, and does not depend upon the final acceptance by the purchaser of a conveyance of the property sold.

[2] ID.—STATUTE OF FRAUDS—RATIFICATION OF ORAL AGREEMENT.—Where the agreement to pay a commission for the sale of real property is not reduced to writing before the rendition of the services by the broker, but after he has procured the purchasers, the oral agreement is ratified in writing and the bar of the statute of frauds is removed.

[3] ID. — ACCEPTANCE OF PURCHASER — ABILITY TO PURCHASE — ESTOPPEL.—Where the vendor accepts the purchaser by entering into a valid contract with him, he cannot thereafter, in an action by the broker to recover the agreed commission, raise the questions of his readiness, willingness, and ability to make the purchase.

[4] ID.—REFUSAL OF WIFE TO SIGN DEED—RIGHT OF AGENT TO COMPENSATION.—A refusal of the wife of a vendor to join in a deed conveying the subject of the agency does not deprive the broker of his right to compensation.

[5] ID.—AGREEMENT FOR COMMISSIONS—DESCRIPTION OF PROPERTY.—A memorandum of an agreement for commissions is sufficient to satisfy the statute, although it does not specifically describe the real property to be sold, where it is attached to the contract for the purchase and sale and refers expressly to said contract and the description of the property therein contained.

1. When has a broker earned his commission, note, 139 **Am. St. Rep.** 225.

2. Necessity that agent's authority to purchase or sell real property be in writing to enable him to recover compensation, notes, 44 **L. R. A.** 601; 9 **L. R. A. (N. S.)** 933; 46 **L. R. A. (N. S.)** 129.

3. Right of broker to commission on failure of purchaser to comply with binding contract of sale, note, 11 **Ann. Cas.** 786.

[6] ID.—VALIDITY OF PRINCIPAL'S TITLE—NONPERFORMANCE BY PUR-
CHASER—RIGHT TO COMMISSION.—The agent's commission is not
dependent upon the validity or invalidity of his principal's title,
nor upon the performance by the purchaser of the conditions of
his agreement, in the absence of a special contract making the
payment of commission contingent upon these matters.

APPEAL from a judgment of the Superior Court of
Santa Clara County. P. F. Gosbey, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lamberson & Lamberson for Appellant.

C. B. Wooster for Respondents.

LANGDON, P. J.—This is an appeal by the defendant
from a judgment against him for $2,000, in an action to
recover that amount upon a written agreement to pay the
same as a commission for the sale of certain land in the
county of Tulare, state of California.

The trial court found that on or about December 1, 1920,
the plaintiffs, acting at the special instance and request of
the defendant, sold to one Lowell M. Washburn and Virginia
Washburn the real property described in the complaint
herein; that said sale was evidenced by a written contract
of sale, dated December 1, 1920, and executed by the said
defendant and the said buyers, Lowell M. Washburn and Vir-
ginia Washburn. That thereupon the said defendant made,
executed, and delivered to plaintiffs an agreement in words
and figures as follows, said agreement being written on the
back of the above-mentioned contract of sale and signed by
the said defendant:

"I hereby agree to pay Johnson and Temple a commission
of $2,000 for the making of the within sale.

"Dated: December 1, 1920.

"P. KRIER."

There also appears a further finding that said commission
has never been paid to the plaintiffs, and judgment for the
same followed.

[1] The first contention of the appellant is that the con-
tract between himself and the Washburns was not a sale, but
a contract to sell, and that plaintiffs have not earned a
commission upon a "sale" by securing merely a contract of

purchase and sale which was to ripen into an executed sale in the future. There is no merit in this contention. The agreement appearing in the record is somewhat lengthy and there seems to be no necessity of setting it out fully herein. It is entitled "Contract of Sale" and provides in part:

"This agreement, made and entered into this 1st. day of December, 1920, by and between Peter Krier and Margaret Krier, his wife, parties of the first part, and Lowell M. Washburn and Virginia Washburn, his wife, parties of the second part, WITNESSETH: That the parties of the first part hereby agree to sell to the parties of the second part and the parties of the second part agree to buy that certain property situate in the County of Tulare, State of California, and more particularly described as follows, to-wit":

Then follows a description of the property, a statement of the price ($47,000), the terms of sale, the security to be deposited for the unpaid portion of the purchase price and provisions relating to other details of the arrangements between the parties. The said contract was signed by Peter Krier, Lowell Washburn, and Virginia Washburn.

The cases of *Phelps* v. *Prusch,* 83 Cal. 626 [23 Pac. 1111], and *Gunn* v. *Bank of California,* 99 Cal. 352 [33 Pac. 1105], settle the question raised by the appellant. In the last cited case it is said: "It is, of course, well settled that when a broker employed simply to negotiate a *sale* of real property has found a purchaser able, ready and willing to purchase upon the vendor's terms, his right to the agreed commission is complete, and does not depend upon the final acceptance by the purchaser of a conveyance of the property sold." Numerous cases are cited in support of this statement of the law.

[2] In the present case the agreement to pay commission was not reduced to writing before the rendition of the services by the plaintiffs, but after plaintiffs had procured the purchasers the oral agreement was ratified in writing and so the bar of the statute of frauds was removed. (Sec. 2310, Civ. Code.) [3] The defendant accepted the purchaser by entering into a valid contract with him and cannot now raise the questions of his readiness, willingness, and ability to make the purchase. (*Sobaje* v. *Schubert,* 37 Cal. App. 709 [174 Pac. 364]; 4 Cal. Jur. 592.)

Appellant also contends that as Margaret Krier, the wife of the defendant, did not sign this contract of purchase and sale, it is not one that could be specifically enforced by the courts. The case of *Jackson* v. *Torrence,* 83 Cal. 521, at p. 537 [23 Pac. 695], is relied upon. It is true that the rule, as there announced, is that an executory contract of a married woman to convey real property, which contract has not been acknowledged in the manner provided by law, cannot be specifically enforced. But this proposition is beside the mark in the present case. [4] This is not an action for specific performance; and it is also the rule that a refusal of the wife of a vendor to join in a deed conveying the subject of the agency does not deprive the broker of his right to compensation. (4 Cal. Jur., p. 597; *Farrington* v. *McClellan,* 26 Cal. App. 375, 383 [146 Pac. 1051]; *Justy* v. *Erro,* 16 Cal. App. 519, 522 [117 Pac. 575]; *Goodrich* v. *Turney,* 44 Cal. App. 516 [186 Pac. 806].)

[5] Another objection of appellant is based upon the fact that the contract for the payment of commissions does not specifically describe the real property to be sold. It is contended that the memorandum is insufficient to satisfy the statute. But the memorandum of the agreement for commissions is attached to the contract for the purchase and sale and refers expressly to said contract of purchase and sale, and the description of the property therein contained. This is sufficient.

[6] The other objections of the appellant relate to the asserted injustice of allowing compensation to plaintiffs when the sale was never consummated and the defendant has received nothing of value. The evidence appearing in the record was conflicting as to the reasons for the failure to complete the transaction. The court might have concluded that either one of the parties was to blame. Appellant, therefore, argues at some length that Washburn, the purchaser, was to blame for the abandonment of the contract. But, however that may be, it is immaterial here. If the defendant's fault was the cause of the breach, that does not relieve him from payment of the agent's commission, and if the purchaser was at fault, defendant had his remedy against him at law. There is no contention that the plaintiff caused the breach. The agent's commission is not dependent upon the validity or invalidity of his prin-

cipal's title (4 Cal. Jur. 601, sec. 36, and cases there cited), nor upon the performance by the purchaser of the conditions of his agreement, in the absence of a special contract making the payment of commission contingent upon these matters. (4 Cal. Jur. 603, sec. 37.)

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 11, 1922.

All the Justices present concurred.