[Civ. No. 3674. Second Appellate District, Division Two.—July 5, 1923.]

## ALICE CONTANT, Respondent, v. JOHN WALLACE, Executor, etc., Appellant.

[1] BROKER'S COMMISSIONS—NEGOTIATION OF SALE.—The contract of the real estate broker is to negotiate a sale, that is, to produce a valid contract to purchase, which can be enforced by the vendor if his title is perfect, or, if he does not procure such contract, to bring the vendor and the proposed purchaser together, that the vendor may secure such a contract, unless he is willing to trust to an oral agreement.

[2] ID.—PROCURING OF CONTRACT BY BROKER—VALIDITY.—Where the real estate broker procures the contract from the purchaser it is necessary that the paper be one which is valid and the terms of which the vendor may enforce.

[3] ID.—INVALID CONTRACT PROCURED BY VENDOR—RIGHT TO COMMISSIONS.—A real estate broker does not lose his commission, after bringing the vendor and the purchaser together, if an invalid or unenforceable agreement is entered into between the vendor and the purchaser through the mistake, inadvertence, or ignorance of the former.

[4] ID.—COMPLETION OF SALE BY VENDOR—RIGHT TO COMPENSATION—ESTOPPEL.—When the seller takes into his own hands the completion of the agreement of sale, the affair is so much in his hands and the broker is so completely discharged from responsibility in the premises, that the seller is estopped to contend, against the broker's claim for the commission, that the purchaser was not ready, able, or willing to make the purchase.

[5] ID. — PLEADING — ISSUES — FINDINGS. — In an action to recover a broker's commission, where the complaint presents no allegation as to the readiness or willingness of the purchaser to buy, the denial that the purchaser was ready, able, or willing to buy does not place those facts in issue, and a finding thereon constitutes a finding upon an immaterial matter.

1. When broker's commissions are earned, note, 139 Am. St. Rep. 225.

3. Broker's right to commission on default of principal, notes, 2 Ann. Cas. 184; 20 Ann. Cas. 1024; 43 L. R. A. 593; 44 L. R. A. 605.

4. Right of broker to commissions where owner makes sale, notes, 9 Ann. Cas. 433; Ann. Cas. 1913D, 821.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward H. Bautzer and Kemp & Clewett for Appellant.

S. C. Shaefer for Respondent.

WORKS, J.—This cause was tried, the appeal was perfected, and the briefs on appeal were filed in the lifetime of Jacob Sholley, the original defendant. The suggestion of his death and the substitution of his executor in his stead were made in this court.

Plaintiff, a real estate broker, brought the action for the purpose of recovering a broker's commission. The complaint alleges that Sholley employed her as his agent to sell a certain parcel of real property, that she found a purchaser and that Sholley "accepted the proposal of the purchaser so secured . . . and entered into a written agreement of purchase and sale relating to said real property with said purchaser." Plaintiff had judgment and Sholley appealed.

That the above-mentioned allegations were all true was established at the trial by uncontradicted evidence, at least to the extent that it was shown that a purported agreement was entered into between Sholley and the purchaser, but appellant contends that the "agreement" was incomplete and unenforceable. Without passing upon this claim, it is enough to say that the point is immaterial. [1] "The contract of the broker is to negotiate a sale; that is, to produce a valid contract to purchase, which can be enforced by the vendor if his title is perfect; or *if he does not procure such contract* (italics ours), to bring the vendor and the proposed purchaser together, that the vendor may secure such a contract, unless he is willing to trust to an oral agreement" (*Gunn* v. *Bank of California,* 99 Cal. 349 [33 Pac. 1105]. See, also, *Mott* v. *Minor,* 11 Cal. App. 774 [106 Pac. 244]; *Cone* v. *Keil,* 18 Cal. App. 675 [124 Pac. 548]; *Massie* v. *Chatom,* 163 Cal. 772 [127 Pac. 56]; *Twogood* v. *Monnette,* 65 Cal. Dec. 431 [215 Pac. 542]). It is true that in the opinions in some of the cases cited there are *dicta* which indicate that, where an agreement of sale is executed between one

desiring to sell and a prospective purchaser presented to the seller by a broker, the latter does not earn his commission unless the agreement is valid and binding. Such a rule would place brokers in an intolerable position, as it would make their compensation for services depend upon circumstances beyond their control. [2] Where the broker procures the contract from the purchaser it is of course necessary that the paper be one which is valid and the terms of which the seller may enforce, but where the seller himself formulates the contract with the purchaser the situation is different. [3] It cannot be the law that a broker loses his commission, after bringing seller and purchaser together, if an invalid or unenforceable agreement is entered into between seller and purchaser through the mistake, inadvertence or ignorance of the former. Where the seller himself negotiates the terms of the contract the responsibility for its form and contents is on him and it is necessary only that it be satisfactory to him when executed. The fact of execution by him is sufficient evidence that he is satisfied, in the absence of fraud, duress, or the like. [4] When the seller takes into his own hands the completion of the agreement of sale, the affair is so much in his hands and the broker is so completely discharged from responsibility in the premises, that the seller is estopped to contend against the broker's claim for commission that the purchaser was not ready, able, or willing to make the purchase (*Wood & Tatum Co.* v. *Basler*, 37 Cal. App. 381 [173 Pac. 1109]; *Sobaje* v. *Schubert*, 37 Cal. App. 709 [174 Pac. 364]. See, also, *Johnson* v. *Krier*, 59 Cal. App. 330 [210 Pac. 966]). Plainly, it is as much the seller's duty to formulate a valid and enforceable contract as it is to ascertain for himself that the purchaser is ready, able and willing to buy. We are satisfied that respondent earned her commission.

[5] Appellant's only other point is that the evidence was insufficient to support a finding made by the trial court that the purchaser was ready and willing to buy the property which was the subject of the seller's contract with the broker. This finding was, however, upon an immaterial matter, as the pleadings make no issue as to the readiness or willingness of the purchaser to buy. The complaint presents no allegation on the subject, although the answer contains a denial that the purchaser was ready, able, or willing

to buy.   This denial of what is not asserted in the complaint did not make an issue.   Surely, it does not amount to an affirmative allegation that the prospective purchaser was *not* ready, able, or willing to complete the transaction.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.