[Civ. No. 7681. First Appellate District, Division One.—July 6, 1931.]

MRS. MAUDE E. CLOUGH, Appellant, v. E. S. ALLEN et al., Respondents.

M. O. Graves for Appellant.

John C. Miles for Respondents.

TYLER, P. J.—Action to recover damages. Plaintiff was injured by an automobile driven by defendant Allen. The National Automobile Insurance Company was joined as a defendant in the action as the employer of Allen. Both parties were served and Allen defaulted. Upon the close of plaintiff's case a nonsuit was granted as to the insurance company. Motion for a new trial was made and denied, from both of which orders plaintiff appeals.

From the evidence it appears that Allen was employed as a "special agent" of defendant insurance company to solicit insurance from automobile dealers and finance companies. His hours of employment were from 8 o'clock in the morning until 5 o'clock in the afternoon. His duties required him at times to visit outlying cities and he was not required to report at the office of the company before entering upon or completing his daily work. On the day of the

accident complained of, Allen drove to the home of the president of his company and discussed with him a particular form of policy desired by a prospective client. The visit was made to the officer of defendant insurance company for the reason that such officer was confined to his home by sickness and a personal interview was desired by the agent. The business was completed shortly after 6 o'clock in the evening and Allen then drove his car several miles across the city of Los Angeles to Rowan Street and Whittier Boulevard, arriving there about 7 o'clock in the evening. It was at this time and place that the accident complained of occurred. Under these circumstances appellant claims that defendant insurance company was liable for the tortious acts of defendant Allen at the time of the accident and that the order granting a nonsuit as to his employer was erroneous and should be reversed.

■ There is no merit in the claim. There is absolutely no evidence in the record to show that the automobile was being used for the insurance company's purpose at the time of the accident nor is there any evidence from which a presumption to this effect could be drawn. It nowhere appeared that the car driven by Allen belonged to the company. ■ A master is not responsible for the negligence of his servant while such servant is pursuing his own ends. The doctrine of *respondeat superior* cannot be invoked in an action for personal injuries unless at the time of the negligent act causing the injury complained of the servant was engaged in performing a service for the master or some act incidental thereto. (*Kish* v. *California Auto. Assn.*, 190 Cal. 246 [212 Pac. 27]; *Hall* v. *Puente Oil Co.*, 47 Cal. App. 611 [191 Pac. 39]; *Randolph* v. *Hunt*, 41 Cal. App. 739 [183 Pac. 358].) ■ Even if it be assumed that Allen was returning to his home after his visit to the officer of the company such fact would not alter or change the situation. (*Mauchle* v. *Panama-Pacific Int. Exp. Co.*, 37 Cal App. 715 [174 Pac. 400].) Under such circumstances the servant is not engaged in performing a service for the master.

■ In a supplemental brief filed by appellant it is claimed that subsequent to the denial of the motion for a new trial appellant has discovered that the car driven by Allen was owned by defendant insurance company, and we are asked to take evidence upon this subject and if we

determine such fact to be true to reverse the judgment and fix the amount of damage to which plaintiff should be entitled and direct the lower court to enter such judgment. We have no such power. (*Tupman* v. *Haberkern,* 208 Cal. 256 [280 Pac. 970].) Plaintiff had full opportunity to properly present her case at the trial. There must be an end to litigation.

The judgment and order are affirmed.

Knight, J., and Parker, J., *pro tem.,* concurred.