[Civ. No. 6929. Second Appellate District, Division One.—December 28, 1931.]

CARRIE A. SMINIA, Appellant, v. THE DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES et al., Respondents.

Carrie A. Sminia, *in pro per.*, and R. M. Widney for Appellant.

Erwin P. Werner, City Attorney, W. B. Mathews, Special Counsel, and George T. Warren for Respondents.

YORK, J.—This matter comes before this court upon an appeal from a judgment which was rendered pursuant to an order sustaining motion for nonsuit made by defendants.

The complaint prays for a writ of mandate to compel the defendants to extend their water main to the premises of the plaintiff and connect the same with said premises, alleging that the plaintiff had tendered the sum of $15 for a meter connection, and praying that no other bonus or subsidy, or any other sum whatever, except the sum of $15 be required for making such connection. Upon trial the

defendants objected to the introduction of any evidence, and later moved to strike all the evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action. This motion was denied. At the close of plaintiff's case a motion for nonsuit was made, on the grounds: First, that the evidence failed to show that the plaintiff had complied with all the reasonable rules and regulations of the Department of Water and Power for street main extensions, but that, on the contrary, plaintiff affirmatively showed that she failed to comply with said rules and failed to pay to the said department the sum of $1480 demanded as a condition precedent to making the extension. Second, that it was not shown that the extension was required by a reasonable demand therefor, or that the income or revenue from the water to be supplied at current rates would compensate the Department of Water and Power for the expenditure required nor justify the department in making the extension; that it was not shown that there is any certainty or assurance that there would be a continuous consumption of water or a continuous payment of rates therefor after the extension was made, or that the extension would not place an additional burden on the rate-payers as a whole. Third, that it was not shown that at the time of the plaintiff's demand, to wit: December 26, 1928, or at any time during the fiscal year 1928–29, there were any funds or moneys available to the defendant department to make the extensions demanded, nor was there any proof of any budget appropriation made by said department pursuant to section 83 of the charter for such extension purposes. Fourth, that the plaintiff affirmatively showed that she had a water service connection and a water supply from the defendant city's mains and therefore the writ is unnecessary.

We think that the lack of evidence introduced compelled the court to grant the motion for nonsuit.

■ Appellant's brief contains the statement that this court is vested "with absolute power to re-try this case *de novo* as a trial Court of original jurisdiction; and for that purpose may order new or further evidence to be produced; and may make any further order or proceeding necessary to enable the Appellate Court to render a final decision

in the case, to the *end that no further trial or appeal shall be necessary"*. Appellant, among other things, says: "As the merits of the case are before this Appellate Court for final hearing, it will not be necessary to occupy the time of this Court in reviewing the action of the lower Court on the trial therein."

It was held in *Tupman* v. *Haberkern*, 208 Cal. 256 [280 Pac. 970], that section 956a of the Code of Civil Procedure giving courts power to take additional evidence, etc., is limited in its usual operation to matters wherein this court takes such action as will result in a means of enabling it to affirm or to modify and affirm the judgment. As was stated in said decision at page 269 of 208 Cal.: "We therefore conclude, on this branch of the case, that by the adoption of section 4¾ of article VI of the Constitution and the enactment of section 956a of the Code of Civil Procedure it was not intended to convert the appellate tribunals of the state into triers of fact, nor to abrogate the general rule that findings of the trial court founded on substantial evidence are conclusive on appeal; that the effect of the new law is to create and establish an exception to the general rule; that the primary and principal purpose of this exception is to enable the reviewing courts to make contrary or additional findings on the record presented or on new evidence taken, to the end that the judgment be affirmed or modified and affirmed and the litigation be terminated; that when the judgment appealed from must be reversed and a new trial is ordered, either pursuant to a general order of reversal, or a specific remanding of the cause for a new trial, findings of fact by the reviewing court become inappropriate and unauthorized; . . . "

■ The complaint fails to allege compliance with the reasonable rules and regulations of the Department of Water and Power for the extension of water mains, and therefore fails to state a cause of action. The evidence shows that the plaintiff refused to comply with such rules and regulations of the defendant department, and for that reason, and for the reasons hereinbefore stated, the judgment of nonsuit was proper.

■ Under the provisions of the charter of the city of Los Angeles, the bureau of water and power commissioners is given the discretion as to whether or not it shall make exten-

sions similar to the one requested here, and if it does grant the extension, then it has the right to specify upon what terms and conditions such extension shall be made. There is nothing to show that it failed to exercise that discretion in good faith, and therefore the court could not grant the relief sought, under the evidence introduced.

As the plaintiff failed in the lower court either to allege or prove bad faith or fraudulent conduct in the terms imposed for such extension, the judgment of nonsuit was proper.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.