[Civ. No. 7486. Second Appellate District, Division One.—August 12, 1932.]

JOHN J. GROVE, Respondent, v. HARRY L. LEWIS et al., Appellants.

Mervin Glass for Appellants.

Best & Best for Respondent.

HOUSER, J.—Defendants appeal from a judgment rendered by the superior court in favor of plaintiff in an action to recover a commission alleged to have been earned by plaintiff in performing services for defendants in effecting a sale of certain real property.

It is first contended by appellants that the evidence was insufficient "to show that plaintiff procured purchasers ready, able and willing to purchase the property of the defendants". In that connection, stress is laid upon the point that, although plaintiff was present and assisted in the negotiations between the interested parties on each of several occasions, at which times the sale of the property in question was under consideration, he never appeared to be acting in the capacity of agent for defendants, but rather seemed to be a person who was taking merely a friendly interest in the matter. But the record discloses the fact that plaintiff had a written agreement with defendants regarding his agency and the compensation to which he would become entitled in case he were to make a sale of the property, and that at least he materially aided in inducing the purchasers to enter into a contract with defendants to purchase the property. In such circum-

stances, together with other dependent facts with relation thereto which were before the trial court, it is manifest that the conclusion reached by the trial court thereon was supported by substantial evidence, and hence that such conclusion may not be disturbed by this tribunal.

■ As an additional objection, appellants direct attention to the asserted fact that the trial was devoid of evidence by which was established the conclusion that the purchasers were financially able to pay the price which they agreed to pay for the property. However, it is admitted that, in writing, defendants agreed to sell the property to the persons produced by plaintiff, and that by the terms of the same instrument those persons agreed to purchase it. In the case of *Sobaje* v. *Schubert*, 37 Cal. App. 709 [174 Pac. 364], it is said (syllabus): "Where an owner of real property accepts the offer therefor made by a person produced by the broker employed to make the sale, he thereby admits the readiness, willingness, and ability of the purchaser to consummate the sale."

In the case of *Malmstedt* v. *Stillwell*, 110 Cal. App. 393, 398 [294 Pac. 41, 42], it is said: "It is urged that there was no evidence that Simonsen and Fleming were able and willing to buy; but, as held in the following cases, where the owner accepts the buyer procured—which the evidence sufficiently shows was true in the present case—he thereby admits the readiness, willingness and ability of the purchaser to consummate the sale (citing authorities); . . . "

In the case of *McNamara* v. *Steckman*, 202 Cal. 569, 572 [262 Pac. 297, 298], it is held that: " . . . Furthermore the execution by the owner of said contract of sale is conclusive proof that he was satisfied as to the qualifications of the purchaser and his ability to carry out the terms of the contract. . . . "

To the same effect, see *Wood & Tatum Co.* v. *Basler*, 37 Cal. App. 381, 384 [173 Pac. 1109]; *Johnson* v. *Krier*, 59 Cal. App. 330, 332 [210 Pac. 966]; *Freeman* v. *Creelman*, 60 Cal. App. 14, 23 [212 Pac. 56]; *Contant* v. *Wallace*, 62 Cal. App. 768, 770 [217 Pac. 1081]; *Brooks* v. *Gross*, 106 Cal. App. 277, 281 [288 Pac. 1089]; *Vickery* v. *Valdez*, 113 Cal. App. 135, 142 [298 Pac. 151].

It therefore is manifest that the position assumed by appellants in that particular is not well taken.

■ The next legal proposition advanced by appellants is that "the evidence does not show that a sale of the defendants' property was ever consummated".

As hereinbefore has been set forth, through the efforts of plaintiff certain persons were induced to agree to purchase from the defendants, and thereupon the defendants agreed to sell to said persons, the property which was the subject of the commission contract theretofore entered into between plaintiff and the defendants. Specifically, appellants contend that because an actual transfer of title to the property from the defendants to the intending purchasers did not result from the agreement which had been executed by the respective parties, plaintiff is not entitled to his commission for effecting a sale of the property. But the law of this state has long since been settled to the contrary. The syllabus in the case of *Purcell* v. *Firth*, 175 Cal. 746 [167 Pac. 379], succinctly states the rule which is here applicable as follows: "Under an agreement to pay a real estate broker the regular commission on a sale of real estate 'when the same is consummated', the commission is earned when a purchaser ready, willing and able to buy is produced, regardless of the consummation of the sale by the passing and recording of the deed."

And in *Turner* v. *Watkins*, 36 Cal. App. 503 [172 Pac. 620], by the syllabus therein the law is thus declared: "Under an agreement to pay a broker a commission upon the 'consummation' of an exchange of real property within a fixed time, the broker is entitled to his commission where, within the time, he presents the other party to his principal and they enter into an agreement for the exchange, notwithstanding the deal was never completed and deeds did not pass between the parties." See, also, *Radich* v. *Cernokus*, 65 Cal. App. 452 [224 Pac. 124]; *Phelps* v. *Prusch*, 83 Cal. 626 [23 Pac. 1111]; *Wallace* v. *Zinman*, 200 Cal. 585 [62 A. L. R. 1341, 254 Pac. 946].

■ It is also urged by appellants "that Mrs. Lewis (one of the defendants) did not sign the deed", and consequently that no commission for the sale of the property was earned by plaintiff. However, as is shown by the record herein, the deed actually was executed by Mrs. Lewis. But the latter fact considered, appellants contend that because the agreement by which the defendants

agreed to pay a commission to plaintiff contained the provision that "in the event that Mrs. Harry L. Lewis fail to sign the deed to said property, John J. Grove (plaintiff) waives his claim for his commission"—an unqualified signature to the deed by Mrs. Lewis was contemplated by the parties; and that because on signing the deed Mrs. Lewis authorized its delivery on the condition that from the money which might be received from the sale of the property she should be paid the sum of $15,000—it should follow as a matter of law that since no transfer of title to the property resulted, plaintiff was not entitled to any commission.

The provision in the agreement regarding the waiver by plaintiff of his commission related only to the signature by Mrs. Lewis of the deed without any condition which she might demand or impose as a consideration for her signature. It is apparent that any arrangement between the two defendants as to a division of the proceeds of the sale of the property should not have the effect of depriving plaintiff of his right to a commission to which otherwise under the law he had become entitled.

Assumedly under authorization therefor, as provided by section 4¾ of article VI of the Constitution, and section 956a of the Code of Civil Procedure, as a claimed right incident to their appeal, appellants have presented herein their application "for leave to produce additional evidence", to the end that this court "may make findings of fact contrary to, or in addition to, those made by the trial court", and thus reverse the judgment rendered by the trial court.

As set forth by appellants in their said application, "material evidence bearing on the issues in the above-entitled action has been discovered and produced . . . subsequent to the trial; . . . that said evidence, as set forth in the supporting affidavits, . . . shows that the appellants were defrauded by respondent John Grove, and that a sale of the real property on which said respondent claims a commission was never authorized or intended by the so-called purchasers thereof; that said respondent is not the real party in interest and was not the procuring cause of a sale of such real property, if any such sale took place."

Under the issues presented by the pleadings in the action, it well may be doubted whether much of the evidence of the nature of that indicated by the language contained in the application would be admissible on the trial of the action; but waiving any such objection, and considering the proposed additional evidence as admissible under the present issues, on consideration of such evidence as is outlined in the application and as is amplified by the "supporting affidavits", it is clear that the effect is identical with a condition which would appear on a motion for a new trial on the ground of "newly-discovered evidence". It is not even suggested by appellants that the evidence which they seek to introduce *necessarily* would result in findings of fact which would be "contrary to, or in addition to, those made by the trial court". At most, if admitted, in the main the proposed evidence would be but cumulative of that which was received on the trial of the action; and even assuming that it should not be weakened on cross-examination of the witnesses who gave testimony to the effect as indicated by the application herein, or that it would not be absolutely overcome by rebuttal which might be produced by plaintiff, on the issues presented by the pleadings it would still be within the power, authority and discretion of the court to make findings identical with those already made. In other words, the "newly-discovered evidence" is not, nor would it be, determinative of the issues presented;—it is not conclusive. Furthermore, it is offered, not for the purpose of affirming the judgment, but for the purpose of reversing it.

Considering the facts as disclosed both in the record on appeal and in the affidavits filed herein in support of the application of appellants to take said additional evidence, it would appear to be definitely settled by the authority of the appellate tribunals of this state that the resulting situation does not justify an order by this court by which the application by appellants would be granted. (*Tupman* v. *Haberkern*, 208 Cal. 256 [280 Pac. 970]; *Estate of Wirt*, 207 Cal. 106 [277 Pac. 118]; *Davis* v. *Chipman*, 210 Cal. 609 [293 Pac. 40]; *Isenberg* v. *Sherman*, 212 Cal. 454 [298 Pac. 1004]; *White* v. *Kretz Bros.*, 122 Cal. App. 197 [10 Pac. (2d) 198]; *Sminia* v. *Department of Water & Power*, 119 Cal. App. 428 [6 Pac. (2d)

561]; *Clough* v. *Allen,* 115 Cal. App. 330 [1 Pac. (2d) 545]; *First Nat. Bank of Findlay* v. *Terry,* 103 Cal. App. 501 [285 Pac. 336].)

It is ordered that the judgment be and it is affirmed. Furthermore, that the application to take additional evidence herein be and it is denied.

Conrey, P. J., and York, J., concurred.